Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

FELIX SANTOS, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER,

                              Defendant.

------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiff, **FELIX SANTOS, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **FELIX SANTOS, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER,** (hereinafter referred to as "Defendant"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER., located at 150 West 4th Street, New York, New York 10012.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, FELIX SANTOS, residing at 1675 Walton Avenue, Bronx, New York 10452, was employed from in or around October 2018 until in or around November 2019 by Defendant at WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER, located at 150 West 4th Street, New York, New York 10012.
9. Defendant, WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER, is a corporation organized under the laws of New York.
10. Defendant, WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER, is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant, WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER, is a corporation organized under the laws of New York with a principal executive office at 150 West 4th Street, New York, New York 10012.
12. On information and belief, WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in

commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

13. Plaintiff, FELIX SANTOS, was employed from in or around October 2018 until in or around November 2019 by Defendant at WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER.
14. During Plaintiff, FELIX SANTOS' employment by Defendant, Plaintiff's primary duties were as dishwasher, cleaner, stocking, while performing other miscellaneous duties from in or around October 2018 until in or around November 2019.
15. Plaintiff, FELIX SANTOS, was paid by Defendant approximately $500.00 per week from in or around October 2018 until in or around December 2018.
16. Plaintiff, FELIX SANTOS, was paid by Defendant approximately $550.00 per week from in or around January 2019 until in or around November 2019.
17. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendant from in or around October 2018 until in or around November 2019.
18. Defendant failed to pay Plaintiff, FELIX SANTOS, the legally prescribed minimum wage for his hours worked from in or around October 2018 until in or around November 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
19. Although Plaintiff, FELIX SANTOS, worked approximately fifty-four (54) hours or more per week during his employment by Defendant from in or around October 2018 until in or around November 2019, Defendant did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
20. Upon information and belief, Defendant willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

21. Upon information and belief, Defendant willfully failed to keep payroll records as required by both NYLL and the FLSA.
22. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
24. Collective Class: All persons who are or have been employed by the Defendant as dishwashers, cleaners, stocking, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendant, other than the executive and management positions, who have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
25. Upon information and belief, Defendant employed between 20 to 30 employees within the past three years subjected to similar payment structures.
26. Upon information and belief, Defendant suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
27. Defendant's unlawful conduct has been widespread, repeated, and consistent.
28. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
29. Defendant's conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
30. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have

been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

31. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
32. The claims of Plaintiff are typical of the claims of the putative class.
33. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
34. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
36. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
37. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
38. At all times relevant to this action, Defendant was employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
39. Defendant willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
40. Defendant's violations of the FLSA as described in this Complaint have been willful and intentional. Defendant has not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

41. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.
44. Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
45. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
47. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
48. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. At all times relevant to this action, Defendant was employer engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
50. Defendant willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
51. Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional.
52. Defendant has not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
53. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FORTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
55. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of NYLL §§2 and 651.
56. At all times relevant to this action, Defendant was employer within the meaning of NYLL.
57. Defendant failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.
58. Defendant also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
59. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
61. Defendant failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
62. Defendant is liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
64. Defendant failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
65. Defendant is liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully request that judgment be granted:
   a. Declaring Defendant's conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiff unpaid overtime wages;
   c. Awarding Plaintiff minimum wages;
   d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   e. Awarding Plaintiff prejudgment and post-judgment interest;
   f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 25th day of February 2020.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX SANTOS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER,

Defendant.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**WEST 4TH STREET REST. CORP., d/b/a WASHINGTON SQUARE DINER**
**150 W 4TH STREET**
**NEW YORK, NEW YORK 10012**